JiDECUIR, Judge.
This matter arises from a suit alleging a seizure of worker’s compensation proceeds by Lafayette Bureau of Credit Control, Inc. Plaintiff, Sharon Fagon, contends the trial court erred as a matter of law in awarding judgment to defendant, Lafayette Bureau of Credit Control, Inc., in violation of La.R.S. 23:1205, which provides an exemption from creditor’s claims out of compensation proceeds.
Sharon Fagon was allegedly injured while employed by Shoney’s, Inc., and began to receive worker’s compensation benefits. Ms. Fagon was hospitalized at Cypress Hospital on three occasions. After issuance of a medical report indicating that plaintiffs mental illness was not related to her employment accident, Shoney’s refused to pay Cypress Hospital’s bill totaling $20,239.45 for Ms. Fa-gon’s third hospitalization. Cypress Hospital assigned its rights to collect on this unpaid hospital bill to defendant, Lafayette Bureau of Credit Control, Inc., who sued plaintiff for the unpaid bill. Plaintiff answered and filed a third party demand against Shoney’s. Thereafter, plaintiff entered into a worker’s compensation settlement with Shoney’s. As part of this lump sum agreement, plaintiff agreed to assume all responsibility for outstanding medical expenses and to hold Sho-ney’s harmless from said obligations. The settlement agreement provided in pertinent part:
|2I further specifically agree to indemnify, save, and hold harmless SHONEYS, INC.
*235 ... for and from any claims for medical expenses that remain unpaid ... I specifically agree to indemnify, save and hold harmless SHONEY’S, INC. ... for the medical bills of Cypress Hospital which I understand they have contested and hereby release SHONEY’S, INC. ... from any and all claims asserted by me in the Civil Action entitled LAFAYETTE BUREAU OF CREDIT CONTROL, INC. VERSUS SHARON FAGON, pending in the 27th Judicial District Court for St. Landry Parish ...
The trial judge found the plaintiff to be in bad faith in that she intended all along to file bankruptcy on the outstanding amount due to Cypress and have the lump sum settlement with Shoney’s declared exempt from seizure by defendant pursuant to La.R.S. 23:1205. This fact is undisputed.
Defendant’s attorney, upon learning of the settlement agreement, requested of Shoney’s attorney that his name be included as additional payee on the settlement proceeds check. Plaintiff then filed suit alleging a seizure of the proceeds by Lafayette Bureau of Credit Control, Inc. The trial judge was correct in its ruling that defendant’s actions in refusing to remove its name as additional payee on the settlement proceeds does not constitute a seizure. Shoney’s was under no legal obligation to include defendant’s attorney as an additional payee. Plaintiffs remedy is against the issuer of the cheek, not defendant in this appeal.
To hold otherwise in the case sub judice would result in an absurd and inequitable disposition of this matter. The legislature in enacting La.R.S. 23:1205 did not intend to encourage collusion and bad faith settlement of compensation claims to the detriment of creditors.
Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.